UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

KENNETH L. ELWOOD,

    Plaintiff,

v.                 408CV123

BANK OF AMERICA CORP., f/k/a Bank of America, N.A.,

    Defendant.

## ORDER

This case was originally filed in the State Court of Chatham County, but was later removed to this Court by defendant Bank of America ("BOA"). Doc. # 1. Before the Court is plaintiff Kenneth Elwood's motion to remand the case back to state court. Doc. # 14.

I.     BACKGROUND

This case traces its roots back to a civil action filed by Elwood against BOA in the State Court of Chatham County on 8/29/02. In that case, Elwood alleged that a BOA employee stole his identity and used it to obtain credit in his name and that BOA was negligent in its failure to adequately protect his identity.

On 4/16/04, the parties entered into a settlement agreement, effectively resolving their dispute. Doc. # 1, exh. A at 2. As part of the settlement, the parties agreed that "[t]he Settlement Payment is not intended for income reimbursement or punitive damages," but rather partly as remuneration for "misuse of his private information." Doc. # 20 at 1. However, in January 2005, BOA served Elwood and his attorneys with a Form 1099, which reported the settlement payment to the Internal Revenue Service ("IRS") as miscellaneous income. Id. at 2. After BOA refused Elwood's request that it take action to cancel the filing, Elwood filed a complaint in the State Court of Chatham County, alleging that BOA was negligent and breached the terms of the settlement agreement by submitting the Form 1099 to the IRS. Doc. # 1, exh. A at 2-3.

BOA removed this case from state court, arguing that Elwood's complaint raised a substantial question of federal law; specifically, whether 26 U.S.C. § 6041(a) required BOA to submit the Form 1099 reporting the settlement payment to the IRS. Doc. # 1. BOA reasoned that, because resolution of Elwood's claim required an interpretation of federal law, this Court was empowered to adjudicate his claim under its federal question jurisdiction. See 28 U.S.C. § 1331.

Elwood then filed the motion to remand presently before this Court. Doc. # 14. He argues that federal question jurisdiction is improper because he has not alleged a cause of action created by federal law. Consequently, he contends, the only federal issue is BOA's "defense that its actions were protected based on the United States Internal Revenue Code." Doc. # 14 at 3. Elwood argues that BOA may not use a federal defense to a state-law claim to invoke federal question jurisdiction. Id.

BOA, on the other hand, urges that the federal issue is not a mere defense to Elwood's claims, but rather it is an essential element of Elwood's claims. Doc. # 17. In particular, BOA contends that Elwood "cannot establish the requisite elements of his breach of contract and negligence claims without resolution of the Internal Revenue Code's reporting requirements," because the Court will have to decide: (1) for the breach of contract claim, whether "the settlement agreement required [BOA] to ignore federal tax reporting requirements or to file a legally improper Form 1099-MISC," and (2) for the negligence claim, whether BOA "owed some legal duty to Elwood to disobey the reporting

obligations set by [Internal Revenue Code] § 6041(a)." Doc. # 17 at 4, 6. Thus, the parties disagree on what role the federal issue plays in this case.

## II. ANALYSIS

The starting point for the Court, of course, is that a defendant may remove from a state court any action over which a federal district court has original jurisdiction. 28 U.S.C. § 1441. A defendant who removes a case to federal court bears the burden of proving the propriety of federal jurisdiction. *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008) (citing *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002)). If a district court has reservations as to the existence of federal jurisdiction, that doubt must be resolved in favor of remanding the case to state court. *Id.* (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)). In determining whether federal question jurisdiction exists, a court must look to the well-pleaded complaint alone. *Id.* at 1295 (citing *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). As a result, the defendant must show that the plaintiff's complaint, "as it existed at the time of removal, provides an adequate basis for the exercise of federal jurisdiction." *Id.*

Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The most obvious example of a case arising under federal law is where a plaintiff pleads a cause of action that has been created by federal law. *See Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 814 (1986); *see also Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). However, a plaintiff's claim need not be created by federal law to invoke the district court's original jurisdiction. A complaint alleging a state-law claim may still invoke federal jurisdiction if "'a well-pleaded complaint establishes ... that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28 (1983)).

Thus, a state-law claim may fall under the original jurisdiction of a federal district court if the court must interpret an important federal law in deciding whether the plaintiff is entitled to relief. *Id.* However, when the federal issue arises only as part of a party's defense, that issue generally will not be sufficient to establish federal jurisdiction, as "it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense ... even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (citing *Franchise Tax Bd.*, 463 U.S. at 14); *see also Dunlap v. G & L Holding Group, Inc.*, 381 F.3d 1285 (11th Cir. 2004) ("The fact that a court must ... construe federal law to determine whether the plaintiff is entitled to relief will not confer federal subject matter jurisdiction....") (citing *Franchise Tax Bd.*, 463 U.S. at 13).

The Eleventh Circuit recently summed up the necessary inquiry when a party removes a case involving state-law causes of action to federal court:

> To determine whether the present case warrants federal jurisdiction, we must evaluate whether the plaintiff['s] state-law tort [and contract] claims "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities," *Grable*, 545 U.S. at 314, keeping in mind that the Supreme Court has explained that

2

"*Grable* exemplifies" a "slim category" of cases, *Empire Healthchoice*, 547 U.S. at 701.

*Adventure Outdoors*, 552 F.3d at 1296. Thus, the initial inquiry is whether the claim(s) in a plaintiff's complaint "*necessarily* raise a stated federal issue." *Id.* (emphasis added). If so, the Court then proceeds to assess the two remaining factors.

Elwood's complaint is succinct and states only that the parties "entered into an agreement," the subject matter of which was confidential, and that months later, BOA "issued a 1099 to the Internal Revenue Service showing miscellaneous income to [Elwood] which was connected to the above-referenced agreement." Doc. # 1, exh. A at 2. The IRS rendered an assessment on the proceeds. *Id.* Though Elwood "attempted to correct the error," the IRS advised him that corrective action could only be taken by BOA. *Id.*, exh. A at 2-3. BOA, however, refused to take any curative measures. *Id.* Elwood alleges that, through these actions, BOA "acted in breach of the agreement" and "has been negligent," resulting in harm to him. *Id.*, exh. A at 3.

Elwood's complaint, though lacking detail regarding the particular settlement provisions that BOA allegedly violated, contains two causes of action: breach of contract and negligence – both of which are considered traditional state-law claims. The complaint, on its face, makes no reference to any federal law issues or provisions.

Based on the parties' memorandums regarding the motion to remand, the controversy here appears to focus on the settlement agreement terms requiring the parties to (a) keep the agreement's terms confidential, and (b) not consider or treat the settlement payment as income

reimbursement.[1] Doc. # 14 at 3. Elwood's complaint alleges that BOA's act of filing with a government agency a form disclosing the amount of the settlement, and also treating the settlement proceeds as "income," violated the agreement's terms, and such violations (and/or the failure to correct them) constituted negligence and a breach of the contract. The fact that the form BOA used (Form 1099) was submitted to a federal agency (the IRS) is of no concern to Elwood's prima facie showing of the essential elements for these claims.

The Court is forced to speculate what, if any, federal issue would need to be resolved before Elwood would be entitled to relief. For example, the dispute might boil down to simple issues of contract construction under state law, including whether the term requiring confidentiality contemplated disclosure of the settlement to the IRS. Alternatively, BOA might argue that § 6041(a) required it to treat the settlement payment as income and to disclose it to the IRS (despite agreement provisions requiring otherwise). That is, BOA would insist that any settlement provisions prohibiting it from reporting the settlement payment to the IRS would require BOA to violate the law and would thus be unenforceable.[2] Ultimately, the Court does

---

[1] The Court bases its decision solely on the few provisions of the agreement that have been presented, and refuses to imply additional terms or to engage in guess-work as to other terms that may be contained in the agreement or other issues that may arise during litigation.

[2] "An illegal consideration consists of any act or forbearance, or a promise to act or forbear, which is contrary to law or public policy. It is a general rule that agreements against public policy are illegal and void." *Unami v. Roshan*, 290 Ga. App. 317, 319 (2008) (citing *Barger v. Garden Way, Inc.*, 231 Ga. App. 723, 724-725 (1998)). In particular, "[a] bargain to refrain from disclosing to a third person, to whom a duty of disclosure exists, information of value or interest to him is illegal." *Unami*, 290 Ga. App. at 319 (citing 7 Williston on Contracts § 16:14 (4th ed.) (citing Restatement (Second) of Contracts § 192)).

3

not see how any federal issue arises in this case unless and until BOA offers as a defense that its actions were required by a federal law, namely § 6041(a).

To be sure, BOA has not conceded that it intends to raise § 6041(a) as a defense. Instead, it characterizes the federal issue as an element of the state-law claims, which Elwood necessarily must prove. That is, BOA urges that Elwood must show that the settlement agreement required BOA to ignore and disobey federal tax reporting requirements such as § 6041(a). BOA is mistaken, however, as Elwood will have no reason to address § 6041(a) unless BOA affirmatively raises it as a defense. The federal tax reporting requirements are irrelevant to the basic determination of whether the filing of a Form 1099 would be considered treating the settlement as income, and/or disclosing the confidential settlement amount (so as to constitute negligence and/or a breach of the contract).[3] Rather, a federal issue will likely arise only if BOA affirmatively raises the defense that § 6041(a) required it to make the filing despite an agreement term that prohibited such an act. This would essentially be an argument that the settlement required BOA to violate a law, which is an affirmative defense in Georgia. *See Bridges v. Reliance*, 205 Ga. App. 400, 400 (1992) ("[W]e note that the defense[] of ... illegality [is an] affirmative defense which ... must be expressly pleaded."); O.C.G.A. § 9-11-8(c) ("In pleading to a preceding pleading, a party shall set forth affirmatively ... illegality."). Moreover, that affirmative defense will only be addressed if a court is initially satisfied that Elwood's state-law claims are otherwise valid. *See Dunlap*, 381 F.3d at 1292 (no federal jurisdiction over suit to enforce contract because defendants' argument that the contract was not valid under federal banking law "would only be raised as a defense after [plaintiff] had successfully established the existence of a valid contract under state law," which was "far removed from a situation where compliance with a federal law is an essential element of the plaintiff's claims"). The fact that a federal law may ultimately be *applied* to Elwood's claims as a defense is not the same as a finding that his claims *arise under* federal law. As a result, federal question jurisdiction does not exist in this case.

Additionally, BOA urges in its memorandum that "there is a national interest to [sic] provide a federal forum for federal tax issues," and quotes the Supreme Court's statement in *Grable* that "[t]he national interest in providing a federal forum for federal tax litigation is sufficiently substantial to support the exercise of federal-question jurisdiction [here]." Doc. # 17 at 7. The federal interest in this case, however, is not of the same character or magnitude as the interest at stake in *Grable*. In that case, the IRS seized real property owned by the plaintiff to satisfy a federal tax delinquency and sold the property to the defendant. 545 U.S. at 310. The plaintiff brought a quiet title action, premising his superior title claim on the IRS's failure to give adequate notice, as defined by federal law. *Id.* at 311. Thus, "[w]hether [the plaintiff] was given notice within the meaning of the federal statute [was] ... an essential element of [his] quiet title claim," and "the meaning of the federal statute [was] actually in dispute" (and in fact appeared to be "the only legal or factual issue contested in [the] case"). *Id.* at 315. Here, on the other hand, the federal tax issue is merely a potential defense to the state-law claims, and will involve a case-specific factual inquiry into the particular contract terms at issue, and not a broad precedential interpretation of federal law as in *Grable*. Thus, the federal tax issue here is not

---

[3] The Court cannot definitively say how the federal issue would play into the negligence claim, since the basis of Elwood's negligence claim is unclear from the complaint.

4

so substantial that it should only be litigated in a federal forum.

This Court is thus not persuaded that Elwood's claims "necessarily raise a stated federal issue," as required by the Supreme Court in *Grable* for a finding of federal question jurisdiction.[4] 545 U.S. at 314.

### III. CONCLUSION

After careful consideration, plaintiff's Motion to Remand to State Court, doc. # 14, is *GRANTED*, and this case is therefore *REMANDED* to the State Court of Chatham County, Georgia. Because this case is remanded to the State Court, all pending motions are *DISMISSED AS MOOT*. The Clerk of Court is *DIRECTED* to close this case.

This day of 23 March 2009.

*/s/ B. Avant Edenfield*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[4] Even if BOA does raise § 6041(a) as a defense, so that the state court must interpret and apply a federal law, this Court is confident that the state court would be competent to resolve that issue. While this Court does not reach the merits of BOA's argument concerning 26 U.S.C. § 6041(a), there are several cases that deal with the applicability of that statute to funds received as part of a settlement agreement. *See, e.g., Comm'r v. Scheier*, 515 U.S. 323 (1995); *Dusé v. Int'l Bus. Machs. Corp.*, 252 F.3d 151 (2d Cir. 2001); *Burda v. M. Ecker Co.*, 954 F.2d 434 (7th Cir. 1992); *Bagley v. Comm'r*, 105 T.C. 396 (1995); *Ervin v. Comm'r*, 83 T.C.M. (CCH) 1753 (2002). State courts are sufficiently capable of applying the principles set forth in those cases to BOA's argument, and the state court here would not be the first of its kind to address these types of claims. *See, e.g., Massmanian v. Dubose*, 2008 WL 698472, at *1 (Mass. Super. Ct. 2/27/08) (addressing defendant's filing of Form 1099 covering settlement payment despite agreement's provisions explicitly prohibiting such filing).